UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY B. TILLMAN,<br><br>          Petitioner,<br><br>    v.<br><br>MENDOZ K. POWERS,<br><br>          Respondent. | 1:09-cv-00492 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Amy Daniel, Esq., of the Office of the Attorney General for the State of California.

I. **BACKGROUND**

Petitioner is currently serving an indeterminate sentence of nineteen years to life pursuant to a February 23, 1987 conviction of the Superior Court of California, County of Sacramento, for being a felon in possession of a firearm, kidnaping, forgery, grand theft, and robbery. (See Pet. (Doc. 1) p. 7.)

On March 4, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On January 11, 2010, Respondent filed a motion to dismiss the petition on the

grounds it was filed outside the one-year limitations period, it fails to state grounds for federal habeas relief, and it consists of unexhausted claims. 28 U.S.C. §§ 2244(d), 2254(a), (b)(1), (d). Petitioner filed an opposition to Respondent's motion to dismiss on January 26, 2010. On February 2, 2010, Respondent filed a reply to Petitioner's opposition.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Petitioner asserts that he was deprived of the effective assistance of counsel at trial in January 1987 (Pet. p. 4.) and at his January 5, 2009 Board of Parole Hearing. (Id. at 3, 7-9.) Petitioner was provided with counsel at both proceedings. He further specifically alleges that counsel at the Parole Determination Hearing was inadequate because he was not an American with Disabilities Act Attorney ("ADA"). (Id.)

## III. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. Because Respondent moves to dismiss on the grounds that Petitioner failed to comply with state procedural requirements and failed to exhaust state remedies and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Petitioner is Barred by the Statute of Limitations from Raising Claims of Ineffective Assistance of Counsel at Trial

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).

In this case, the petition was filed on March 3, 2009, and is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent asserts that any claims arising from Petitioner's alleged ineffective assistance of counsel at his criminal trial are barred by the statute of limitations. The Court agrees.

Petitioner was convicted on February 23, 1987. The limitations period begins running on the date that the petitioner's direct review became final. He provides no information indicating any direct appeal of the conviction. (Pet. pp. 2-6.) Assuming Petitioner did not

1 appeal his February 23, 1987 conviction, it became final 60 days later on April 24, 1987. Cal.
2 Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Because
3 Petitioner's conviction became final prior to the enactment of AEDPA, his one-year period for
4 filing a habeas petition in federal court began on AEDPA's effective date of April 24, 1996.
5 Ford v. Pliler, 590 F.3d 782, 784 (9th Cir. 2009); see Patterson v. Stewart, 251 F.3d 1243,
6 1245 (9th Cir. 2001).

7 Petitioner would have one year from April 24, 1996, absent applicable tolling, in which
8 to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the
9 instant petition until March 3, 2009, nearly thirteen years after the statute of limitations
10 expired. Absent the later commencement of the statute of limitations or applicable tolling, the
11 instant petition is barred by the statute of limitations.

12 Petitioner has not presented any basis for concluding that the statute of limitations
13 should commence at a later date or be tolled. Accordingly, it is concluded that the limitations
14 period ran uninterrupted from April 24, 1996 to April 24, 1997, when it expired. Petitioner's
15 claims for ineffective assistance of counsel at trial are barred by the statute of limitations and
16 should be dismissed. 28 U.S.C. § 2244(d)(1).

### C. Petitioner's Claims of Ineffective Assistance of Counsel at his Parole Board Determination are not Cognizable

19 Petitioner's second claim for relief is that he was denied his Sixth Amendment right to
20 effective assistance of counsel at his parole hearing. (Pet. p. 3.) Petitioner argues that he was
21 entitled to an ADA attorney, but was only provided a state appointed attorney. (Id.)

22 Petitioner's claim is without merit. In the first place, there is no clearly established right
23 to counsel at parole suitability hearings. In Morrissey v. Brewer, 408 U.S. 471 (1972), the
24 United States Supreme Court delineated the minimum standards of due process that must be
25 provided parolees during parole revocation hearings. The Court did not consider, however,
26 whether parolees have a right to counsel at those hearings. See id. at 489. Thereafter, in
27 Gagnon v. Scarpelli, 411 U.S. 778 (1973), the Supreme Court discussed whether the state is
28 under a constitutional duty to provide appointed counsel in probation or parole revocation

1 hearings. In so doing, the Supreme Court emphasized the essentially non-adversary nature
2 of the hearings, the non-judicial character of the administrative decision-making body, and the
3 likelihood that the proceedings would be significantly altered by the introduction of counsel.
4 See id. at 788-89. Rather than adopt a per se rule, the Supreme Court adopted a
5 case-by-case approach:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. *Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings*, there will remain certain cases in which fundamental fairness -- the touchstone of due process -- will require that the State provide at its expense counsel for indigent probationers or parolees.

12 Id. at 790 (emphasis added.)

13 Before Morrissey and Gagnon were decided, the United States Court of Appeal for the
14 Ninth Circuit, in Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972), held that due process does
15 not entitle California state prisoners to counsel at parole hearings. The United States District
16 Court for the Northern District of California has held that Dorado accurately reflects the
17 underlying concerns and objectives expressed by the Supreme Court in Morrissey and
18 Gagnon, and denied the right to counsel on such grounds. See Burgener v. California Adult
19 Authority, 407 F. Supp. 555, 559 (N.D. Cal. 1976); Leque v. Brown, 2007 U.S. Dist. LEXIS
20 89980 (N.D. Cal. 2007); Taylor v. Ayers, 2009 U.S. Dist. LEXIS 57753 (N.D. Cal 2009); Troxell
21 v. Horel, 2009 U.S. Dist. LEXIS 122257 (N.D. Cal. 1976). This Court agrees and concludes
22 there is no clearly established right to counsel at parole suitability hearings. Since Petitioner
23 was not constitutionally entitled to any attorney at his parole hearings, he certainly can not be
24 said to have been entiltled to an A.D.A. attorney. Accordingly, this claim must be dismissed.

25 Respondent also seeks dismissal of this claim due to Petitioner's failure to exhaust
26 state judicial remedies. 28. U.S.C. § 2254(b)(1)(A). However, since Petitioner has not alleged
27 a cognizable federal claim, this Court need not consider whether he properly exhausted his
28 state court remedies. "An application for writ of habeas corpus may be denied on its merits,

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

**IV.     RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period, and failure to present cognizable federal claims.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 29, 2010                          /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE